[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11130
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00121-WSD-RGV-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEVILLE WEATHINGTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 21, 2015)

Before MARCUS, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Seville Weathington appeals his total 40-month sentence, imposed after pleading guilty to one count of dealing firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A) and (2), and one count of possessing marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).  On appeal, Weathington argues that his sentence was substantively unreasonable in light of the factors in 18 U.S.C. § 3553(a).  He contends that, considering his disability and limited socio-economic background, the total 40-month sentence was excessive for the offense, even though his advisory guideline range was 108 to 135 months.  However, Weathington has not carried his burden of showing that his below-guidelines sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  *See United States v. Valnor*, 451 F.3d 744, 750 (11th Cir. 2006).  Accordingly, we affirm.

Generally, we review the reasonableness of a sentence "under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  We will not vacate a sentence as substantively unreasonable unless "left with the definite and firm conviction" that the sentencing court clearly erred in weighing the 18 U.S.C. § 3553(a) factors and issued a sentence "outside the range of reasonable sentences."  *United States v. Rodriguez*, 628 F.3d 1258, 1264–65 (11th Cir. 2010) (internal quotation marks omitted).

The district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  In imposing a particular sentence, the district court should also consider, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, and the applicable guideline range.  *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

Weathington does not argue that the district court committed any procedural error, nor does the record reflect that it did.  As to substantive reasonableness, Weathington, who was born with cerebral palsy, argues that the court failed to give due consideration to his disability and socio-economic background under § 3553(a).  However, the court explicitly considered these factors, hearing from both Weathington and his mother with regard to his physical handicaps and stating that Weathington's disability constituted "extenuating circumstances" in the case that merited consideration in the sentencing determination.  We will not second-guess the weight that the sentencing judge accorded this factor; the record is clear that the court considered all the § 3553 factors and the particular circumstances of this case when sentencing Weathington.  *See United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010).

3

Moreover, the 40-month sentence imposed was well below the 120-month statutory maximum, which is another factor demonstrating its reasonableness.  *See Valnor*, 451 F.3d at 751–52 (considering that a sentence was "appreciably below the length of the statutory maximum" in assessing its reasonableness); *see also Gall*, 552 U.S. at 51, 128 S. Ct. at 597 (noting that the substantive reasonableness of a sentence is determined in light of the totality of the circumstances).  Therefore, upon review of the record, the relevant case law, and consideration of the parties' arguments, we affirm the sentence as reasonable.

**AFFIRMED.**